**EDELSBERG LAW**
Scott Edelsberg
(Cal. Bar No. 330990)
1925 Century Park, E #1700
Los Angeles, CA 90067
E: Scott@Edelsberglaw.com
T: 786-289-9471

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEC HOLDING COMPANY D/B/A FONTANA NISSAN,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Brenda Perez, brings this action against Defendant, MEC Holding Company d/b/a Fontana Nissan, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

3. Defendant operates as a new and used car dealership which also offers maintenance and service of automobiles to consumers.

4. Defendant also uses prerecorded messages to send mass automated marketing calls to individuals' cellular phone numbers without first obtaining the required express written consent.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of San Bernadino County, California.

9. Defendant is a California corporation whose principal office is located at 16444 S. Highland Avenue, Fontana CA 92336. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15. In 2012, the FCC issued an order further restricting automated telemarketing calls, requiring "prior express written consent" for such calls. *See In*

*the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

## **FACTS**

16. Defendant has caused multiple prerecorded voice message calls to be transmitted to Plaintiff's cellular telephone number ending in 7046 ("7046 Number") on numerous occasions including on March 16 ,2022, July 12, 2022, October 13, 2022, November 16, 2022, January 24, 2023 and February 13, 2023.

17. The prerecorded voice message calls state that they were being sent by "Fontana Nissan" and offer discounts like 10% if Plaintiff goes to Defendant's store and has service work on her automobile performed.

18. Defendant sends similar text messages also offering a discount to Plaintiff for using Defendant for her automobile service:



CLASS ACTION COMPLAINT
4

19. Plaintiff is the subscriber and/or sole user of the 7046 number.

20. The prerecorded messages came from the number 855-931-2174 and 855-931-2178,

21. When Plaintiff listened to the voice messages, she was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

22. Defendant's prerecorded message calls constitute telemarketing/advertising because they promote Defendant's business, goods and services.

23. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted by prerecorded message.

24. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

25. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

26. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

27. Plaintiff brings this case on behalf of the Class defined as follows:

**NO CONSENT CLASS**: All persons in the United States who, within four years prior to the filing of this action, (1) Defendant or

someone on its behalf, (2) placed a call using a prerecorded or artificial voice message (3) where the purpose of the call was to encourage the purchase or rental of, or investment in, Defendant's property, goods, or services.

28. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

30. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

32. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

   b. Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

      c. Whether Defendant's conduct was knowing and willful;

      d. Whether Defendant is liable for damages, and the amount of such damages; and

      e. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual

litigation, the court system would be unduly burdened by individual litigation of such cases.

37.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiff and the Class)**

38.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

40.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii).

41.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded

voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

42. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

43. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

44. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

45. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

46. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for herself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, prerecorded messages without obtaining, recipient's consent to receive calls made with such equipment;

h) An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Respectfully submitted,

Dated: February 21, 2023

**EDELSBERG LAW**

<u>/s/Scott Edelsberg</u>
Scott Edelsberg
(Cal. Bar No.330990)
1925 Century Park, E #1700
Los Angeles, CA 90067
E: Scott@Edelsberglaw.com
T: 786-289-9471
*Attorneys for Plaintiff and the Proposed Class*