UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00279-SSS-KKx | Date | July 31, 2023 |
|---|---|---|---|
| Title | *Brenda Perez v. MEC Holding Company* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE COURT SHOULD ACCEPT THE PARTIES' REQUEST FOR DISMISSAL PURSUANT TO THE PARTIES' SETTLEMENT AGREEMENT

On July 17, 2023, the Court denied the Parties' Stipulation of Dismissal and notified the Parties of the Court's expectations for dismissal. [Dkt. 29]. The Parties have now filed a new Joint Stipulation of Dismissal with Prejudice ("Joint Stipulation"). [Dkt. 30]. The Court reviews the Joint Stipulation below.

In its Joint Stipulation, the Parties spend a considerable amount of time discussing the application of *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). [Dkt. 30 at 2–4, ¶5]. In particular, the Parties appear to suggest that the 2003 amendment to Rule 23(e) abrogates *Diaz*, or at least alleviates the need for it. [Dkt. 30 at 2–4, ¶5]. However, this is not nearly as clear cut an issue as the Parties seem to suggest. One of the cases the Parties cite perfectly sums up this issue. In *Sinico v. Lyons Magnus, LLC* the court found that because "no class [had] been certified and the matter [was] being dismissed without prejudice" the dismissal did not require the court's approval under Rule 23(e). No. 1:22-cv-01479-JLT-SAB, 2023 WL 2976370, at *1 (E.D. Cal. April 17, 2023). In a footnote, however, the *Sinico* court goes on to acknowledge that,

"Courts have maintained differing views on this issue." *Id*. at *1 n.1. The *Sinico* court further cites several cases wherein the courts continued to apply *Diaz* and Rule 23(e) to the dismissal of class actions before class certification. *Id.* (citing *Pineda v. Sun Valley Packing, L.P.*, No. 120CV00169ADAEPG, 2023 WL 2793879, at *1 (E.D. Cal. Apr. 5, 2023) ("Rule 23(e), however, governs the dismissal of class actions even before class certification has occurred."); *Gutierrez v. J.M. Distribution, Inc.*, No. SACV2000617DOCJEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); *Albers v. Yarbrough World Sols., LLC*, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("This holding pre-dates substantial amendments to Rule 23 in 2003, and courts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments. . .[b]ut our decisions have 'generally assumed that it does' apply. . .and this Court will follow *Diaz* to evaluate the proposed settlement and dismissal here." ).

Other courts have also acknowledged the differing views as to whether *Diaz* is still applicable after the 2003 amendment to Rule 23(e). *See, e.g.*, *Hall v. Western Refining Retail, LLC*, No. 5:19-cv-00855-VAP-SKx, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021)("Although some courts in this circuit have continued to apply *Diaz*, others have declined to do so in light of the amendments to Rule 23. . .The Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23."); *Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378, at *1 n.1 (E.D. Cal. Oct. 12, 2021)("Although Rule 23(e) was specifically amended in 2003 to make clear that court approval was not required for settlements with putative class representatives that resolved only individual claims, and there remains some uncertainty about whether the *Diaz* holding applies in the wake of the 2003 amendments to Rule 23(e), some district courts in the Ninth Circuit continue to apply the standard articulated by the Ninth Circuit in *Diaz* because it strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals." (internal quotations omitted)). Accordingly, unless and until the Ninth Circuit finds that Rule 23(e) has abrogated *Diaz*, this Court will continue to apply the *Diaz* factors in its review of pre-class certification settlements and dismissals.

In particular, this Court finds the *Diaz* review appropriate to ensure that the interests of the class members—even if the class is uncertified—are protected. It is

important to the Court that the class members are not being harmed by the settlement of an individual initially acting as the class's representative. Without the *Diaz* review, the Court would have no way of knowing whether other class members have paused or abandoned their own pursuits of litigation due to their reliance on the potential class action. Moreover, the Court seeks to ensure that the settlement is fair and does not abandon the interests of the class for the sake of the individual's own personal interests. As such, this Court will continue to require a showing that the settlement in question meets the *Diaz* factors and will continue to review the terms, form, and value of any settlement or consideration being paid for dismissal, as well as a copy of the settlement agreement.

Turning now to the settlement agreement, the Parties contend that "the agreement is confidential and that production to the Court would be in violation of the parties' confidentiality agreement." [Dkt. 30 at 7, ¶17, lines 8–11]. The Court rejects this argument. Despite the Parties' contentions, there is no reason the Court should blindly accept the Parties' statement that "no concessions impacting any class member have been made." *See* [Dkt. 30 at 7, ¶17, lines 11–12]. Absent a review of the settlement agreement, the Court cannot determine that the Parties' settlement agreement has not harmed the class in a meaningful way.

If the Parties are concerned about confidentiality and keeping the details of the settlement from the public, the Parties are welcome to file an application to file the settlement agreement under seal. In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a party seeks to seal a document that is attached to a motion that is more than tangentially related to the merits of the case, it must establish a compelling reason to do so. *Ctr. for Auto Safety*, 809 F.3d at 1096–97, 1101. That is, the party must overcome the strong presumption of access by articulating compelling reasons to seal the document supported by "specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03). When the document is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Foltz*, 331 F.3d at 1135). Pursuant to Local Rule 79-5.2.2(a)(ii)–(iii), a party seeking to seal a document must include a "proposed order, narrowly tailored to seal only the sealable material" and "a redacted version" of the document.

In filing this application, if the Parties choose to do so, the Court notes that a mere assertion that the settlement agreement is "confidential" will be insufficient to show the Parties' interest in privacy outweighs the public's interest. *Watson v. Ocwen Loan Servicing, LLC*, No. 18-cv-00273, 2018 WL 6220011, at *2 (C.D. Cal. Apr. 25, 2018) (collecting cases).

Accordingly, the Court permits the Parties to submit a supplemental response including the terms, form, and value of any settlement or consideration being paid for the dismissal, and a fully executed copy of any settlement agreement **The Parties shall file their response to this order and any application to seal no later than August 11, 2023.**

Failure to timely or adequately respond to this Order will result in denial of the Parties' Joint Stipulation.

**IT IS SO ORDERED**.